UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———————————

PAUL D. GENDRON,

        Plaintiff,

Case No. 1:06-CV-639

v.

Hon. Richard Alan Enslen

CSX TRANSPORTATION, INC.,
 et al.,

        Defendants.

**ORDER**

_____/

      This matter is before the Court on Defendant Michigan Agricultural Commodities, Inc.'s ("MAC") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). Plaintiff Paul D. Gendron has filed a response in opposition and MAC has filed a reply. Upon review of the briefing, the Court discerns no reason for oral argument. *See* W.D. Mich. LCivR 7.2(d).

      Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56 limits the materials the Court may consider in deciding a summary judgment motion to "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). The initial burden is on the movant to specify the basis upon which summary judgment should be granted and identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden then shifts to the non-movant to come forward with specific facts, supported by the evidence in the record, upon which a

reasonable jury could find there to be a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If, after adequate time for discovery on material matters, the non-movant fails to make a showing sufficient to establish the existence of a material disputed fact, summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323.

While this analysis assumes the adequacy of discovery, a party cannot oppose summary judgment based on vague generalizations that discovery has been inadequate. *See* Fed. R. Civ. P. 56(f); *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995); *Klepper v. First Am. Bank*, 916 F.2d 337, 343 (6th Cir. 1990). In assessing evidence, credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences are jury functions. *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994). The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in the non-movant's favor. *Celotex Corp.*, 477 U.S. at 323 (quoting *Anderson*, 477 U.S. at 255).

This action stems from an accident that occurred on December 22, 2004. Defendant CSX Transportation, Inc. ("CSX") sent Plaintiff, its employee, to service MAC's grain facility in Newaygo, Michigan. Plaintiff was required to walk along a railroad track on MAC's property to inspect a set of railroad cars which he and his crew were going to return to Grand Rapids, Michigan. During the inspection, Plaintiff alleges he stepped into a shallow hole covered by snow and injured his left knee. Count I of Plaintiff's Complaint is directed against CSX, while Count II is directed against MAC and brought pursuant to Michigan common law and Section 402 of the Michigan Railroad Code of 1993 (compiled at Mich. Comp. Laws § 462.402).

MAC argues summary judgment is appropriate because (1) the shallow hole was an "open and obvious" danger that did not present an unreasonable risk of harm to Plaintiff, and (2) there is

no evidence suggesting that MAC was the cause of the hole, knew about its existence, or should have known about its existence. In support of its arguments, MAC primarily relies on *Kenny v. Kaatz Funeral Home, Inc.*, 697 N.W.2d 526 (Mich. 2005), *Lugo v. Ameritech Corp.*, 629 N.W.2d 384 (Mich. 2001), *Parsons v. HMTC, Inc.*, No. 265863, 2006 WL 399761 (Mich. Ct. App. Feb. 21, 2006), *Hernandez v. Taylor Commons P'ship*, No. 247576, 2004 WL 1459527 (Mich. Ct. App. June 29, 2004), and *Whitmore v. Sears, Roebuck & Co.*, 279 N.W.2d 318 (Mich. Ct. App. 1979).

Upon review of the evidence and arguments presented, the Court concludes there are genuine fact issues for trial and that summary judgment is not appropriate. All of the authority cited by MAC is easily distinguishable and does not control the instant set of facts. For example, assuming, *arguendo*, that an "open and obvious" defense is available to Plaintiff's claim, it is for the jury to decide whether the snow-covered hole Plaintiff stepped in was "open and obvious." *Cf. Vella v. Hyatt Corp.*, 166 F. Supp. 2d 1193, 1198 (E.D. Mich. 2001) (holding that if reasonable minds can differ on whether a condition is open and obvious, the decision must be left to the jury). Moreover, a fact issue also exists regarding whether MAC had actual or constructive notice of the shallow hole—or similar unsafe conditions—along the railroad track. *Cf id.* at 1200–01. Viewing the evidence in a light most favorable to Plaintiff, the Court concludes MAC had, at a minimum, constructive notice of the unsafe conditions around the railroad track and that a jury could reasonably find MAC liable for injuries arising from unreasonably dangerous track conditions.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Michigan Agricultural Commodities, Inc.'s Motion for Summary Judgment (Dkt. No. 21) is **DENIED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen  
February 4, 2008  RICHARD ALAN ENSLEN  
  SENIOR UNITED STATES DISTRICT JUDGE